UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIO BRIEN LONG, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:21-cv-01395-SRC |
| | ) |
| JENNIFER CLEMONS-ABDULLAH, | ) |
| | ) |
| Respondent. | ) |

**Memorandum and Order**

This matter is before the Court upon review of the filing, by self-represented Petitioner Mario Brien Long. Sr., titled "Affidavit Motion to Enjoin, Dismiss, and Stop State Prosecution." ECF No. 1. This filing is defective as a petition initiating suit because it was not drafted on a Court form as required by the Local Rules. E.D. Mo. L. R. 2.06(A). In addition, Petitioner has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. E.D. Mo. L. R. 2.01(B)(1).

Petitioner is a pretrial detainee at the St. Louis City Justice Center. His filing pertains to his state court matter, *State v. Long*, No. 2022-CR01384-01 (22nd Jud. Cir. 2020), in which he has pending charges for unlawful possession of a firearm, unlawful use of a weapon, and fourth degree domestic assault. Petitioner asks the Court to stop the state's prosecution of him, alleging misconduct, ineffective assistance of counsel, and wrongful incarceration.

It is not entirely clear under which federal statute Petitioner seeks relief from this Court.[1] However, a state court defendant attempting to litigate the authority of his or her pretrial

---

[1] Petitioner asks the Court to enjoin the state prosecution under "28 USC § 2284." ECF No. 1 at 1. However, the Court believes this to be error as this legal citation references three-judge courts hearing injunctions "challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Petitioner also lists "28 USC § 2241," "28 USC § 3466," and "42 USC § 1983" on his filing. *Id.* at 2.

detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (stating that it "is well established that federal district courts can entertain pretrial habeas petitions"); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

Here, Petitioner is a pretrial detainee arguing that his detention is unlawful and as such, his filing will be construed as seeking relief under 28 U.S.C. § 2241. The Court will direct the Clerk of Court to send Petitioner a blank "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" form. Petitioner has thirty (30) days from the date of this Order to file an amended petition on the court form. In that same time period, Petitioner must either file a motion to proceed *in forma pauperis* or pay the court filing fee.

Accordingly, the Court orders that the Clerk of Court shall mail to Petitioner blank copies of the Court's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" form and "Motion to Proceed *in Forma Pauperis* and Affidavit in Support – Habeas Cases" form. Within **thirty (30) days** of the date of this Order, Petitioner shall file an amended petition on the Court-provided form and shall either pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis* on the Court-provided form. If Petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 3rd day of December 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**