UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO BRIEN LONG, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-01395-SRC |
| | ) | |
| JENNIFER CLEMONS-ABDULLAH, | ) | |
| | ) | |
| Respondent. | ) | |

### Memorandum and Order

Self-represented Petitioner Mario Brien Long, Sr. seeks leave to proceed *in forma pauperis* on his amended petition for writ of habeas corpus. Doc. 4. A few days after filing his motion to proceed *in forma pauperis*, Long paid the full filing fee in this matter, rendering that motion moot. Further, based on a review of Long's filings, the Court finds that the *Younger* doctrine precludes the Court from enjoining the state's criminal prosecution of Long. Relatedly, Long has not exhausted his available state-court remedies. The Court therefore dismisses Long's amended petition, Doc. 3.

**I.     Background**

Long is a Missouri-state-pretrial detainee, presently incarcerated at the St. Louis City Justice Center. Doc. 3 at p. 1. On November 24, 2021, Long initiated this case by filing a document with the Court entitled "Affidavit Motion to Enjoin, Dismiss, and Stop State Prosecution." Doc. 1. This document was handwritten and not on a Court-provided form. In the document, Long asked the Court to stop the state's prosecution of him, alleging misconduct, ineffective assistance of counsel, and wrongful incarceration. *Id.* The document was defective as a petition initiating suit because it was not drafted on a Court form as required by the Local

Rules.  *See* E.D. Mo. L. R. 2.06(A).  As such, the Court directed Long to file an amended petition on a Court-provided form within 30 days.  Doc. 2.

The state prosecution that Long seeks to enjoin is *State v. Long*, No. 2022-CR01384-01 (22nd Jud. Cir. 2020).  According to a review of Missouri Case.net, Missouri's online case management system,[1] Long was charged in state court with unlawful possession of a firearm, unlawful use of a weapon, and fourth degree domestic assault on August 6, 2020.  Docket entries and filings indicate that Long has fired two different private defense attorneys during his criminal case.  *See* Motion to Withdraw, *State v. Long*, No. 2022-CR01384-01 (22nd Jud. Cir. Dec. 12, 2020) (granted Dec. 16, 2020); Motion to Withdraw, *State v. Long*, No. 2022-CR01384-01 (22nd Jud. Cir. Feb. 7, 2022) (granted Feb. 8, 2022).  On February 8, 2022, the court granted his second attorney's motion to withdraw after Long filed a complaint against that attorney with the Missouri Office of Chief Disciplinary Counsel.  The court also removed Long's case from the February 28, 2022 trial docket and set a status conference.

A.    **Amended § 2241 Petition**

In his Amended Petition, Long challenges his pending state court action "2022-CR01384-01" based on "wrongful incarceration [on] charges of unlawful possession, unlawful use, [and] fourth degree domestic assault."  Doc. 3 at pp. 1–2.  He explains that he filed a motion to dismiss in his state court case in July 2021, but he has received no response from the court.  *Id.* at pp. 2, 5.  In that state-court motion, Long argued a "lack of evidentiary findings" and questioned the "validity of case charges and all misconduct alleged."  *Id.*

---

[1] The Court takes judicial notice of these public state records.  *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Long lists the following four grounds in support of his Amended Petition:

(1) "Information that is not being presented yet does exist, that is considered exculpatory";
(2) "Case file 2022-CR-01384-01";
(3) "I have requested various documented pieces of information that are relevant to the case without response"; and
(4) "In review of entire case file 2022-CR01384-01 [it] gives grounds for claims of violation of Constitutional 4th, 5th, 6th, and 14th Amendments."

*Id.* at pp. 6–7.  In terms of supporting facts, Long explains that all the information has been submitted, that the "incident report [is in the] case file," and that "documented evidence [is] being omitted."  *Id.*

For relief, Long asks the Court to grant "proper legal representation" so he can prove his claims and clear himself of "false charges," as well as "expose all of the misconduct within the case" and "Enjoin, Dismiss, and Stop State Prosecution."  *Id.* at p. 7.

**II.    Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").  Based on a review of Long's Amended Petition under Rule 4, the Court concludes that it "plainly appears" Long is not entitled to relief.  The Court will not intervene in an ongoing state court prosecution where Long has not demonstrated that any great and immediate injury will result otherwise.  In addition, Long has adequate state court remedies that he has not exhausted.

3

### A.     The Court must abstain from granting Long's requested relief.

Long asks the Court to provide him with "proper legal representation" and to "[e]njoin, dismiss, and stop" the state prosecution against him.  The Court cannot provide this relief.  First, state-court records show that Long has fired two different private defense attorneys who previously represented him in his state-court matter.  If Long does not wish to hire a new attorney, he has the right to representation through the Missouri public defender's office.  Long can seek that relief in his state court case.

Second, to the extent Long asks the Court to dismiss, enjoin, or otherwise intervene in his ongoing state judicial proceeding, the abstention doctrine set forth in *Younger v. Harris* precludes the relief.  401 U.S. 37 (1971).  *Younger* requires federal courts to abstain from hearing cases when an ongoing state judicial proceeding exists that implicates important state interests and affords an adequate opportunity to raise the federal questions presented.  *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005).  The doctrine applies to claims for both injunctive and declaratory relief.  *Samuels v. Mackell*, 401 U.S. 66, 73 (1971).  Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there.  *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

Exceptions to *Younger* exist in special circumstances, such as where a "person about to be prosecuted in a state court can show that he will, if the proceedings in the state court is not enjoined, suffer irreparable damages." *Id.* at 41, 43 (citing *Ex parte Young*, 209 U.S. 123 (1908)).  Further, the irreparable injury must be both "great and immediate," and the threat of "defense against a single criminal prosecution" is not enough.  *Id.* at 45–46.

In this case, the only threat against Long is defending against a single-state prosecution. Long's claims regarding sufficiency of the evidence can and should be raised in his state case. The Court finds that Long will not suffer any great and immediate injury if his state case proceeds, but only an injury "incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 49 (internal citation omitted). No special circumstances exist to justify the Court's intervening in Long's ongoing state court matter. In short, "the Court is not the Justice League. It cannot swoop in and address wrongs, real or perceived, wherever they appear." *Lindsay v. State of Colorado,* No. 8:21-cv-00468 at *6 (D. NE Dec. 16, 2021).

**B.     Long has not exhausted his state court remedies.**

Although the language of § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635–36 (8th Cir. 1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)); *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"). Courts do not ordinarily consider state remedies exhausted if an individual may effectively present his claim in state court by any currently available and adequate procedure.

Further, a prisoner can only avoid the exhaustion requirement if he can demonstrate the existence of special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)

5

(stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Here, Long is a pretrial detainee arguing that his detention is unlawful because the state court has ignored or omitted some exculpatory evidence that would prove his innocence on the pending charges.  The state court can resolve Long's claims either by a trial on the merits, or by ruling on his pending motions.  Long states that he filed a motion to dismiss making these same arguments in his state court case, and that he has received no response from the court.  A review of the state court record indicates that Long filed a "Motion to Dismiss All Charges For Lack of Evidentiary Findings" and a supplement to that motion in July 2021.  *State v. Long*, No. 2022-CR01384-01, Mt. to Dismiss (filed July 6, 2021) & Addendum to Mot. (filed July 19, 2021). Long also filed a separate "Motion to Dismiss, or, in the Alternative, Motion for a Bill of Particulars" in December 2021.  *Id.* at Motion to Dismiss (filed Dec. 28. 2021).  The state court can resolve Long's motions, and any evidentiary issues he raises. As such, adequate state court remedies currently exist for Long, and he does not assert any special circumstances excusing his failure to exhaust these remedies.

### III.  Conclusion

Long has not shown special circumstances exist to justify the Court's intervention into an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented.  Similarly, Long has not shown special circumstances to justify his failure to exhaust state remedies before bringing his claims to federal court.

As it plainly appears that Long is not entitled to relief, the Court dismisses without prejudice Long's [3] Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* Rule 4 of the Rules Governing § 2254 Cases.  The Court denies Long's [4] Motion for Leave to Proceed *in forma pauperis* as moot.  The Court will not issue a certificate of appealability.  A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 30th day of March 2022.

                                       STEPHEN R. CLARK
                                       UNITED STATES DISTRICT JUDGE